(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF GEORGE LANDRY.

C. J. Theard for succession.

Jas. J. McLoughlin attorney.

Albert Voorhies for appellant.

ST. PAUL, J.—This appeal taken by Angelina Yrle, involves the interpretation of a judgment of this Court, which appellant is now seeking to enforce, and which is predicated for the most part on a judgment of the Supreme Court of the State.

The question presented is whether two payments aggregating $200.00, made to counsel for appellant are proper credits thereon; said payments being in satisfaction of two allowances for attorney's fees, one of ($150) made by the Supreme Court to counsel by name and the other of ($50.00) made to appellant herself in the very judgment on which it is sought to credit it.

At least one of said payments ($150) appears to have been made before the rendition of the judgment herein-

above first mentioned. The other ($50) was made presumably only after the rendition of the judgment by which it was allowed.

As to the latter there can be no question that it is a proper credit on the judgment. It is true the amount was allowed as attorney's fees, but it was claimed by and allowed to appellant herself and not to counsel individually; the amount so allowed was paid **after** the judgment.

The other payment requires more extended notice. It may be conceded that the decree of this Court in appellant's favor cannot be controlled by anything said in the opinion. But judgments as a rule confer no rights, they simply recognize those already existing. Hence, it is elementary that judgments must be read and interpreted in the light of the pleadings on which they are based.

This is particularly true of monied judgments which generally condemn a defendant for so much money without stating the nature of the claim on which the judgment is based. So that if reference could not be had to the pleadings a defendant might be condemned again and again on the same account.

Accordingly where numerous items figure in a single suit it is good practice for the Judge to accompany his judgment by a written memorandum showing with particularity what items are allowed and what rejected. Appellate courts invariably set forth all this in their written opinions.

Hence, it is eminently reasonable and proper, in interpreting one of their judgments, to look to the opinion handed down at the same time in order to discover what items go to make up the amount of the decree.

In the present instance we find the judgment of this Court simply strikes a balance between the claims allowed and credits given by the Supreme Court, to which balance the sum of $50 is added as additional counsel

fees. (See opinions of January 11th, and 25th, 1909, in re No. 4592.)

Among the claims allowed by the Supreme Court, and taken into consideration by this Court in fixing a balance, is the very item of $150 attorney's fees, allowed and afterwards paid to counsel individually. It was cerainly not the purpose of this Court (and the opinion shows it clearly), to allow appellant this sum for attorney's fees in addition to the same amount already allowed by the Supreme Court. It was not claimed as an additional amount, but as the **same** amount, and was allowed as claimed. The two judgments, that of the Supreme Court, and that of this court, are one and the same, the latter being merely an interpretation and enforcement of the former. Hence, payment of the amount allowed by the Supreme Court was payment on the judgment of this Court.

Nor does it matter that the payment was, or may have been, made before the rendition of the particular judgment which appellant is now seeking to enforce.

Whilst it is generally true that a defendant must set forth all his defenses, equities and offsets at one time, or at least before judgment, in default of which they are cut off by the judgment; nevertheless the rule has application only to such defenses, equities and offsets as exist when the litigation begins.

The object of the rule is to put an end to litigation, but to apply it to offsets arising and partial payments made during the course of the litigation would be to defeat that object and encourage protracted litigation by denying to the parties the privilege of settling with each other gradually as their several differences are arranged or disposed of; compelling them to await the final adjudication upon all points before attempting a settlement, for no one will make a partial settlement at the risk of having to pay a second time.

It would tend also to complicate litigation and increase beyond all reason the labors of both counsel and

judges, by requiring each decree to adjudicate and determine not only the particular point then in controversy, but also the exact status of the litigation at that moment.

Rules of law must always be interpreted with reference to the object which they have in view; it is not sufficient to grasp the words of a text and apply them to all cases without discrimination.

### 5 An. 516; 9 An. 165.

We are, therefore, of opinion that both these payments are proper credits upon the judgment herein sought to be enforced.

In conclusion, to show that the accounts between the parties hereto are perfectly adjusted by the judgment herein appealed from, we recapitulate the whole matter, every item thereof having already been passed upon by some final judgment, viz.:

### Due to Appellant.

| | | |
|---|---:|---:|
| Amount allowed by Sup. Court for services.. | | $640.00 |
| Costs due her by heirs: | | |
| In S. C. No. 15,994................ | $17.60 | |
| In S. C., No. 16,073................ | 51.60 | |
| In S. C., No. 16,647................ | 64.00 | |
| In Ct. App. No. 4592............... | 34.50 | |
| | | 167.70 |
| Attorneys' fees allowed by the Sup. Court... | | 150.00 |
| Attorney's fees allowed by Court of Appeal | | 50.00 |
| Total claims of appellant............ | | $1,007.70 |

### Credits.

| | | |
|---|---:|---:|
| Cash collected by herself.......... | $208.40 | |
| Paid for her account by former counsel | 167.30 | |
| Costs in Suit 114 La. 829.......... | 127.90 | |
| Cash paid present counsel.......... | 200.00 | |
| Total credits ................... | | $703.60 |
| Balance due appellant............ | | $304.10 |

This is the amount allowed by the judgment appealed from, and the judgment is correct.

Judgment affirmed.